DECISION AND JUDGMENT ENTRY
{¶ 1} Thomas Johnson ("Appellant") appeals the judgment of the Highland County Court of Common Pleas finding him guilty of assault in violation of R.C. 2903.13. He contends the trial court's judgment was against the manifest weight of the evidence, and that it committed plain error when it denied his CrimR. 29 motion for acquittal. Because we find there was substantial evidence upon which the jury could reasonably conclude all the essential elements of assault were established beyond a reasonable doubt, *Page 2 
and the trial court committed no error, let alone plain error, when it denied the Appellant's CrimR. 29 motion, we affirm its judgment.
 I. Facts {¶ 2} The Appellant and Ms. Cathy Fittro were long-term friends and co-workers. At some point during their relationship, Ms. Fittro introduced the Appellant to Carol Arney, who was bedridden from the advanced stages of cancer. As a result of the illness, Ms. Arney was unable to care for herself, and relied heavily upon the assistance of others. Following their introduction, the Appellant and Ms. Arney struck up a friendship, and the Appellant began volunteering his time to care for her. Ms. Fittro also assisted Ms. Arney as a caregiver.
 {¶ 3} For a short period of time, the relationship shared by the Appellant and Ms. Fittro transformed into a sexual relationship. When the sexual relationship ended, the friendship was strained, and the two decided to alternate the days on which they cared for Ms. Arney in order to avoid uncomfortable run-ins. The Appellant cared for Ms. Arney on the weekdays, while Ms. Fittro cared for her on the weekends. The Appellant and Ms. Fittro maintained the schedule for approximately two months. As of February 16, 2007, however, the two were not on speaking terms. *Page 3 
 {¶ 4} On Friday, February 16, 2007, the Appellant and Ms. Fittro found themselves visiting Ms. Arney on the same evening. Shortly after arriving, Ms. Fittro left Ms. Arney's house and walked next door to the residence of Michael Arney, Ms. Arney's son. Mr. Arney was a friend and former coworker of Ms. Fittro, and a casual acquaintance of the Appellant. After a brief stay, Ms. Fittro retuned to Ms. Arney's residence, with Mr. Arney trailing shortly thereafter. Mr. Arney went to his mother's residence with the purpose of convincing the Appellant to depart. When he arrived, the Appellant was lying in Ms. Arney's bed in shorts and a shirt, and Ms. Arney was situated on her couch, in and out of consciousness. After a lengthy exchange during which Mr. Arney attempted to get the Appellant to leave the residence without confrontation, he finally asked the Appellant to leave. At that point, the Appellant got out of the bed and went to the bathroom to change his clothes. When he came out, he began arguing with Ms. Fittro, who was sitting next to Ms. Arney. First Ms. Fittro, and then Mr. Arney, told the Appellant to leave.
 {¶ 5} At this point the confrontation turned into a physical altercation. At some point during the altercation, the Appellant grabbed Mr. Arney around the throat with both hands and threw Mr. Arney up against the wall of the living room. Mr. Arney tumbled to the floor, struggled for a bit to *Page 4 
leave the residence, and made his way home, with the Appellant following him outside. Soon thereafter, Mr. Arney returned with a firearm and discharged four rounds. At that point, the Appellant ran to his vehicle, drove directly to the nearest police station, and reported the altercation and the gun shots. After an investigation, the Appellant was charged with assault, and Mr. Arney was charged with aggravated menacing.
 {¶ 6} The Appellant's trial took place on April 18-19, 2007, and he was convicted of assault in violation of R.C. 2903.13(A). He was sentenced to community control for a period of two years, ten days of community service, and a $350.00 fine. He now appeals his conviction, asserting the following assignments of error:
 II. Assignments of Error {¶ 7} 1. APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 8} 2. THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO SUSTAIN APPELLANT'S RULE 29 MOTION DEPRIVING APPELLANT OF HIS RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND UNDER SECTION 16, ARTICLE 1 OF THE OHIO CONSTITUTION.
 III. Legal Analysis {¶ 9} In his first assignment of error, the Appellant contends his assault conviction is against the manifest weight of the evidence. When *Page 5 
considering an appellant's claim that a conviction is against the manifest weight of the evidence, our role is to determine whether the evidence produced at trial "attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998),84 Ohio St.3d 180, 193, 702 N.E.2d 866. The reviewing court must dutifully examine the entire record, weighing the evidence and considering the credibility of witnesses, keeping in mind that credibility generally is an issue for the trier of fact to resolve.State v. Thomas (1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356; State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The reviewing court may reverse the conviction if it appears that the fact finder, in resolving evidentiary conflicts, "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thomphns (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541. On the other hand, we will not reverse a conviction if the state presented substantial evidence upon which the trier of fact could reasonably conclude that all essential elements of the offense had been established beyond a reasonable doubt. State v. Eley (1978), 56 Ohio St.2d 169,383 N.E.2d 132, syllabus.
 {¶ 10} The Appellant contends that the jury lost its way when it convicted him of assault. The Appellant and the State ("Appellee") *Page 6 
presented the jury two very different versions of the events that transpired February 16, 2007. It chose to believe the version of events as presented by Mr. Arney and Ms. Fittro, rather than that presented by the Appellant. Despite the fact that an appellate court weighs the evidence and considers the credibility of witnesses, the trial court is still in the best position to gauge these factors. State v. Barney (Oct. 25, 2004), Vinton App. No. 03CA585, 2004 WL 2426256, at *3, citingState v. Murphy (Sept. 15, 2003), Washington App. No. 03CA12, 2003-Ohio-4939, at ¶ 15. Appellate courts should only overrule criminal convictions as being against the manifest weight of the evidence in "exceptional case[s] in which the evidence weighs heavily against the conviction." Murphy at ¶ 15.
 {¶ 11} Here, the record reflects that the judgment of the trial court was not against the manifest weight of the evidence. The Appellee presented substantial evidence through the testimony of Mr. Arney and Ms. Fittro upon which the trial court could reasonably conclude that all elements for an assault were proven beyond a reasonable doubt. The trial court most certainly did not lose its way and create a manifest miscarriage of justice. Accordingly, we overrule the Appellant's first assignment of error.
 {¶ 12} In his second assignment of error, the Appellant contends the trial court committed plain error, depriving him of his due process rights, *Page 7 
when it denied his Crim.R. 29 motion. The doctrine of plain error is governed by Crim.R. 52(B). Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." For a reviewing court to find plain error, three conditions must exist: (1) an error in the proceedings; (2) the error must be plain, i.e., the error must be an "obvious" defect in the trial proceedings; and (3) the error must have affected "substantial right," i.e., the trial court's error must have affected the outcome of the trial. State v. Parish, Washington App. Nos. 05CA14 and 05CA15, 2005-Ohio-7109, at ¶ 18, citing State v. Noling,98 Ohio St.3d 44, 56, 2002-Ohio-7044, 781 N.E.2d 88; State v. Barnes,94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240; State v. Sanders
(2001), 92 Ohio St.3d 245, 257, 750 N.E.2d 90; State v. Hill (2001),92 Ohio St.3d 191, 200, 749 N.E.2d 274. Additionally, the Supreme Court of Ohio has stated that Crim.R. 52(B) is to be invoked "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Parish, supra, at ¶ 18, citing State v.Landrum (1990), 53 Ohio S.3d 107, 111, 559 N.E.2d 710; State v.Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, ¶ 3 of the syllabus. A reviewing court should consider noticing plain error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Parish, *Page 8 
supra, at ¶ 18, citing Barnes, 94 Ohio St.3d at 27; United States v.Olano (1993), 507 U.S. 725, 736, 113 S.Ct. 1770; United States v.Atkinson (1936), 297 U.S. 157, 160, 56 S.Ct. 391.
 {¶ 13} The Appellant argues that the trial court committed plain error when it denied his Crim.R. 29 motion for acquittal, as none of the Appellee's witnesses affirmatively pointed to or identified the Appellant during their testimony. A review of the transcript, however, reveals the following exchange between Deputy Hughes of the Highland County Sheriffs Office and the prosecuting attorney:
 Prosecutor: What did you discover when you arrived at the Greenfield Police Department?
 Deputy Hughes: I met with uh, Mr., uh, trying to think of his name.
 Prosecutor: Did you meet with the defendant in this case?
 Deputy Hughes: I met with the defendant, yes?
 Prosecutor: Uh, so you met with the man sitting here?
 Deputy Hughes: Right.
 Prosecutor: Mr. Thomas Johnson?
 Deputy Hughes: Right.
 {¶ 14} The testimony above shows that Deputy Hughes clearly identified the Appellant during his testimony. There was, therefore, no error *Page 9 
under the first prong of the plain error analysis set forth inParish, supra. Consequently, we overrule the Appellant's second assignment of error.
 {¶ 15} In our view, there was substantial evidence upon which the jury could reasonably conclude the Appellee established all of the essential elements of assault beyond a reasonable doubt. We also find the trial court did not commit plain error when it denied the Appellant's CrimR. 29 motion. Accordingly, we affirm the judgment of the Highland County Court of Common Pleas.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
 Abele, P.J. and Kline, J.: Concur in Judgment and Opinion. *Page 1